**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHELSI PETTWAY, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES,<br><br>Defendant. | **CASE NO. 1:26-cv-11698**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**[1]

Plaintiff Chelsi Pettway ("Plaintiff") brings this class action against Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS" or "Defendant"), and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from Credit Control Services, Inc. d/b/a Credit Collection Services's placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff, and from Defendant's use of false, deceptive, or misleading representations and means in connection with those collection communications, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

2. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications. Defendant's text messages also represented to consumers that they could opt out of future text messages by replying STOP.

3. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts owed to Allstate Insurance Company and New Jersey E-ZPass, Plaintiff notified Defendant in writing that she wished Defendant to cease further debt collection text messages.

4. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated her desire to cease further communications.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

6. Plaintiff seeks relief for herself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because her claims arise under the federal Fair Debt Collection Practices Act.

8. The Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

9. Venue is proper in this District in the acts that give rise to Plaintiff's claims –

including but not limited to Defendant's sending of text messages to Plaintiff – occurred from within this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Tuscaloosa County, Alabama.

11. Defendant is a Massachusetts corporation whose principal office is located at 725 Canton Street, Norwood, Massachusetts 02062. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS

12. Beginning on or about December 18, 2025, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number (205) XXX-0892, in an attempt to collect alleged debts purportedly owed to Allstate Insurance Company and New Jersey E-ZPass.

13. The text messages identified Defendant as a debt collector, referenced the original creditors and the alleged balances owed. The messages directed Plaintiff to visit a website or call Defendant's phone number to resolve her accounts, and noted that they were attempts to collect debts. The messages further stated, "To opt out, reply STOP," thereby representing that Plaintiff and other consumers could opt out of Defendant's debt collection text messages.

14. Defendant continued to send Plaintiff multiple debt collection text messages from on or about December 18, 2025 through on or about March 18, 2026, as shown below:


2:08
79
670
30601 >
Text Message • SMS
Thu, Dec 18 at 9:10 AM
CCS_Notice_06025241441 .pdf
PDF Document · 80 KB
CREDIT COLLECTION SERVICES is a debt collector. We are trying to collect a debt that you owe to ALLSTATE INSURANCE COMPANY. We will use any information you give us to help collect the debt. Attached to this message is a .pdf file with important information. Telephone: (617) 644-7300. Self-service: www.ccspayment.com. Reference File #06025241441. To opt out, reply STOP.
Thu, Jan 29 at 2:50 PM
This message is from CREDIT COLLECTION SERVICES (a debt collector) regarding NEW JERSEY E-ZPASS. You can call (617) 882-2100 or visit www.ccspayment.com to self-service. Reference File #07105053600. Thank you. To opt out, reply STOP.
Fri, Jan 30 at 1:31 PM
This message is from CREDIT COLLECTION SERVICES (a debt collector) regarding ALLSTATE
Text Message • SMS


2:08
79
670
30601 >
Mon, Mar 2 at 11:39 AM
This message is from CREDIT COLLECTION SERVICES (a debt collector) regarding NEW JERSEY E-ZPASS. As of 03/02/26, your past-due account remains unpaid. Please call us @ (617) 882-2100 or visit www.ccspayment.com to self-service. Reference File #07105053600. To opt out, reply STOP.
Wed, Mar 11 at 1:39 PM
This message is from CREDIT COLLECTION SERVICES (a debt collector) regarding NEW JERSEY E-ZPASS. As of 03/10/26, your past-due account remains unpaid. Please call us @ (617) 882-2100 or visit www.ccspayment.com to self-service. Reference File #07105053600. To opt out, reply STOP.
Tue, Mar 17 at 10:31 AM
This message is from CREDIT COLLECTION SERVICES (a debt collector) regarding ALLSTATE INSURANCE COMPANY. As of 03/17/26, your past-due account remains unpaid. Please call us @ (617) 644-7300 or visit www.ccspayment.com to self-service. Reference File #06025241441. To opt
Text Message • SMS




15. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country. Upon information and belief, Defendant's substantially similar debt collection text messages sent to other consumers contained the same or materially similar opt-out representation.

16. On or about March 19, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that she wished Defendant to cease further

communications with Plaintiff by sending Defendant a written message disputing the alleged debt, and expressly requesting that all collection activity cease, as shown below:




17. Despite Plaintiff's written request that Defendant cease further communications, Defendant continued to send Plaintiff debt collection text messages on at least March 21, 2026. That post-request message again solicited payment as shown below:




18. After receiving Defendant's March 21, 2026 text message, Plaintiff again responded in writing, "DONT DO THIS ANYMORE," "NO MORE OF THESE PLEASE," and "DONT DO ANYTHING ELSE AUTOMATED ON THIS PHONE" regarding the Allstate and E-ZPass accounts.

19. Plaintiff's time was wasted tending to Defendant's text messages sent after she communicated her request that Defendant cease further communications.

20. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

21. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

22. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Class after they asked Defendant to cease its debt collection texts.

23. Defendant's text messages caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. <u>The Proposed Class</u>

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

25. Plaintiff brings this case on behalf of the Class defined as follows:

> All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.

26. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not

know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. <u>Numerosity</u>**

28. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving written communications asking it to cease contact. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

**C. <u>Common Questions of Law and Fact</u>**

30. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease communications;

b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the FDCPA;

c. Whether Defendant's representations that consumers could opt out of text messages were false, deceptive, or misleading in violation of 15 U.S.C. § 1692e when Defendant nevertheless sent post-request collection texts;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

35. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

36. The members of the class are generally unsophisticated individuals, whose rights will

not be vindicated in the absence of a class action.

37. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

38. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

39. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692C(C)

(On Behalf of Plaintiff and the Class)

40. Plaintiff repeats and realleges the paragraphs 1-39 of this Complaint and incorporates them herein by reference.

41. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses instrumentalities of interstate commerce to collect or attempt to collect debts owed or allegedly owed to another.

42. The obligations Defendant attempted to collect from Plaintiff and the Class members were "debts" as defined by 15 U.S.C. § 1692a(5), arising from transactions primarily for personal, family, or household purposes, including alleged insurance and toll-related obligations.

43. Defendant's text messages alleged herein were communications or attempts to communicate in connection with the collection of a debt because they conveyed or attempted to

convey information regarding alleged debts.

44. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

45. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their refusal to pay the debt and/or their desire that Defendant cease further contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

46. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

47. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,</u>
<u>15 U.S.C. § 1692e</u>
(On Behalf of Plaintiff and the Class)

48. Plaintiff repeats and realleges the paragraphs 1-39 of this Complaint and incorporates them herein by reference.

49. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses instrumentalities of interstate commerce to collect or attempt to collect debts owed or allegedly owed to another.

50. The obligations Defendant attempted to collect from Plaintiff and the Class members were "debts" as defined by 15 U.S.C. § 1692a(5), arising from transactions primarily for personal, family, or household purposes, including alleged insurance and toll-related obligations.

51. Defendant's text messages alleged herein were communications or attempts to communicate in connection with the collection of a debt because they conveyed or attempted to convey information regarding alleged debts.

52. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

53. Defendant represented to Plaintiff and the Class members that consumers could opt out of future debt collection text messages. Defendant also received written communications from Plaintiff and the Class members refusing to pay the alleged debts and/or requesting that Defendant cease further communications.

54. Defendant's representations and means were false, deceptive, or misleading because Defendant did not honor Plaintiff's and the Class members' written opt-out and/or cease-communication requests, and instead continued sending debt collection text messages after such requests.

55. Defendant's representations were material because they would cause the least sophisticated consumer to believe that Defendant would stop sending debt collection texts after the consumer opted out or otherwise requested that Defendant cease further text-message communications.

56. Defendant's post-request text messages invaded Plaintiff's and the Class members' privacy and seclusion, intruded upon the use and enjoyment of their personal cellular telephones, caused annoyance and frustration, required Plaintiff and the Class members to review unwanted debt collection texts after they had requested that the texts stop, and caused Plaintiff and the Class members to spend time addressing Defendant's continued text messages.

57. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class members are entitled to recover damages as set forth in the Prayer for Relief below. 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

(a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

(b) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

(c) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 3, 2026

Respectfully submitted,

*/s/ Omer Kremer*

Omer Kremer, Esq.
omer@edelsberglaw.com
Massachusetts Bar No. 712514
Edelsberg Law, P.A.
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
Tel: (305) 975-3320
*Attorney for Plaintiff and the putative class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 3rd day of June, 2026, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of such filing to all counsel of record.

*/s/ Omer Kremer*
Omer Kremer, Esq.